UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PERRY OSBORNE MACKALL, | |
| Plaintiff, | Case No. 1:05-cv-210 |
| v. | Honorable Richard Alan Enslen |
| PATRICIA L. CARUSO, | |
| Defendant. | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Perry Osborne Mackall has paid the entire $250 filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.    Factual Allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections ("MDOC") and housed at the Deerfield Correctional Facility. He sues MDOC Director Patricia L. Caruso.

Plaintiff's allegations concerning Defendant Caruso are extremely limited and are recited here in their entirety:

> Patricia L. Caruso is involved officially and personally, inasmuch as I personally spoke with her at the Pugsley Corrections Facility and requested a "Bottom Bunk" in a NON-SMOKING Unit, while she was inspecting the Pugsley Facility. I told her that I was disabled. I also wrote her a letter, thanking her for the bottom bunk and requested that the bottom bunk be put in writing, but she never replied to my letter. She had the obligation and authority to act on this problem, but took no action, thereby contributing to the years of abuse and neglect at the hands of staff under her control. Even though she was the URF Administrator at the time of my meeting her, she had been contacted many times by mail by the wife of this writer about the many problems that this writer was being subjected to. She knew or should have known what was being done by the staff under her control at MDOC.

(Compl. at 6.) Plaintiff seeks an order compelling Defendant to investigate allegations of abuse of prison inmates generally and to instruct medical staff to give proper treatment to disabled persons generally. He also seeks an order compelling Defendant to eliminate unspecified false information contained in his file that allegedly serves as the basis for unspecified retaliation. In addition, Plaintiff seeks an order compelling Defendant to honor a special accommodation status that he asserts should have been issued at the time he entered prison. Finally, he seeks unspecified damages.

    II.    Lack of exhaustion of available adminstrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with

respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claim that his disabilities are not being made a part of his record appears to be the type of claim that may be grieved through the three-step prison grievance process. *See*

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has used the form complaint in this action.

MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03).  In his complaint, Plaintiff states that he filed a grievance regarding this matter and that he appealed it through all three steps of the grievance process.  (Compl. at ¶ III).  He refers to an attachment to his complaint that lists 32 grievances that he filed between December 2001 and October 2004.  Plaintiff does not, however, specify the grievance to which he refers in this action, nor does he identify the specifics of the matters alleged or the persons named.  As the Court previously noted, a prisoner must make particularized averments sufficient for the district court to determine what, if any, claims have been exhausted, *Knuckles El*, 215 F.3d at 642, and against which persons, *Curry*, 249 F.3d at 505.  Plaintiff's allegations are too conclusory to demonstrate that Plaintiff has exhausted his available administrative remedies with respect to the instant claim against Defendant Caruso.

Dismissal of an action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).  The Court will follow this policy in this case, especially given the very vague allegations of the Complaint.

For the same reasons, the Court will also certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff has failed to exhaust available administrative remedies and this action will therefore be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:
April 18, 2005

 /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
UNITED STATES DISTRICT JUDGE